1  Anthony M. Keats (Bar No. 123672)
   E-Mails:    akeats@kmwlaw.com
2  David K. Caplan (Bar No. 181174)
   E-Mail:    dcaplan@kmwlaw.com
3  Konrad K. Gatien (Bar No. 221770)
   E-Mail:    kgatien@kmwlaw.com
4  KEATS McFARLAND & WILSON LLP
   9720 Wilshire Boulevard
5  Penthouse Suite
   Beverly Hills, California 90212
6  Telephone:    (310) 248-3830
   Facsimile:    (310) 860-0363
7
8  Attorney for Plaintiffs
   MARC JACOBS TRADEMARKS, LLC, and
9  MARC JACOBS INTERNATIONAL, LLC

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                   WESTERN DIVISION

14

15  MARC JACOBS TRADEMARKS,          Case No.: CV10- 00456-CBM(FMOx)
    LLC, a Delaware limited liability
16  company, and MARC JACOBS          COMPLAINT FOR:
    INTERNATIONAL, LLC, a Delaware
17  limited liability company,        1. TRADE DRESS INFRINGEMENT,
                                          FEDERAL UNFAIR
18              Plaintiffs,               COMPETITION, AND FALSE
                                          DESIGNATION OF ORIGIN (15
19        v.                              U.S.C. § 1125(a));
                                       2. FEDERAL UNFAIR
20  NERVOUS TATTOO, INC., doing          COMPETITION AND FALSE
    business as ED HARDY, a California   DESIGNATION OF ORIGIN (15
21  corporation, HARDY WAY, LLC, a       U.S.C. § 1125(a));
    Delaware limited liability company, and  3. STATE STATUTORY AND
22  THE CALIFORNIA BAG, LLC, a           COMMON LAW UNFAIR
    California limited liability company,   COMPETITION (Cal. Bus. & Prof.
23                                          Code §§ 17200 et seq.); and
                Defendants.             4. CONSTRUCTIVE TRUST.
24

25

26

27

28

L:\P\1006700051 - Marc Jacobs v. Ed Hardy\Pleadings\COMPLAINT\MJ Ed Hardy Complaint v3 (DKC).doc          COMPLAINT

Plaintiffs MARC JACOBS TRADEMARKS, LLC (hereinafter "MJT") and MARC JACOBS INTERNATIONAL, LLC (hereinafter "MJI") (MJT and MJI are hereinafter collectively referred to as "Plaintiffs"), through their attorneys, complaining of defendants THE CALIFORNIA BAG, LLC, NERVOUS TATTOO, INC., doing business as ED HARDY, and HARDY WAY, LLC (collectively, "Defendants"), allege as follows:

## STATEMENT OF THE CASE

1.    This is an action for injunctive relief and profits under the Lanham Act and the common law based on Defendants' offering for sale, sale, and distribution of products that infringe i) the unique and distinctive trade dress of Marc Jacobs' Marc Jacobs Pretty Nylon tote bag and ii) the Marc Jacobs Scrambled Trademark.

## JURISDICTION AND VENUE

2.    Plaintiffs' claims arise under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1125(a), and California Business and Professions Code Sections 17200 *et seq.*  This Court has original subject matter jurisdiction over Plaintiffs' federal claims pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. §§ 1116 and 1121.  This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    This Court has specific personal jurisdiction over Defendants as Defendants have committed, within the State of California, the acts from which these claims arise.  The Court also has general personal jurisdiction over Defendants as Defendants conduct continuous, systematic and routine business within the State of California and the County of Los Angeles.

COMPLAINT

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

### THE PARTIES

5.     MJT is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the United States located at 72 Spring Street, New York, New York 10012.

6.     MJI is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the United States located at 72 Spring Street, New York, New York 10012.

7.     Plaintiffs are, in part, engaged in the business of manufacturing and distributing throughout the world, including within this judicial district, high quality handbags, including handbags bearing the Marc Jacobs Scrambled Trademark and the Marc Jacobs Pretty Nylon Tote Trade Dress (defined below).

8.     Plaintiffs are informed and believe and thereupon allege that at all times relevant hereto Defendant Nervous Tattoo, Inc., is a California corporation that does business in this judicial district under its name and under the name "Ed Hardy", and has a principal place of business at 8680 Hayden Place, Culver City, California 90232.

9.     Plaintiffs are informed and believe and thereupon allege that at all times relevant hereto Defendant Hardy Way, LLC, is a Delaware limited liability company maintaining its principal place of business at 8680 Hayden Place, Culver City, California 90232.

10.     Plaintiffs are informed and believe and thereupon allege that at all times relevant hereto Defendant The California Bag, LLC is a California limited liability company maintaining its principal place of business at 433 S. Spring Street, Suite 1100, Los Angeles, California 90013.

11.     Plaintiffs are informed and believe and thereupon allege that at all times relevant hereto Defendants are and have been doing business in this judicial district and the State of California and are and have imported, advertised, distributed, offered

COMPLAINT

for sale, and/or sold products wrongfully bearing infringements of Plaintiffs'
distinctive Marc Jacobs Scrambled Trademark and Marc Jacobs Pretty Nylon Tote
Trade Dress. Specifically, Defendants are advertising, distributing, offering for sale,
and selling women's handbags wrongfully infringing Plaintiffs' Marc Jacobs
Scrambled Trademark and Marc Jacobs Pretty Nylon Tote Trade Dress in this State
and in this judicial district.

## PLAINTIFFS' ACTIVITIES

12.    MJT is the owner of numerous federally registered trademarks including
the following United States Federal Trademark Registrations:

| Mark | Registration No. | Registration Date |
| --- | --- | --- |
| MARC JACOBS | 1,967,123 | April 9, 1996 |
| MARC BY MARC JACOBS | 3,699,162 | October 20, 2009 |

13.    MJT is the owner of the following application to register its Marc Jacobs
Scramble, consisting of repeating pattern of stylized lettering of the MARC JACOBS
trademark on a background, for a variety of goods, including handbags: USPTO
Serial No. 79057254. True and correct copies of printouts from the USPTO's website
reflecting the aforementioned registrations and application are attached hereto as
**Exhibit 1.**

14.    MJI is the exclusive licensee of the foregoing marks, as well as the Marc
Jacobs Pretty Nylon Tote Trade Dress (defined below).

15.    In early 2006, Plaintiffs began marketing, distributing, offering for sale
and selling products bearing the Marc Jacobs Scrambled Trademark.

16.    Since at least as early as 2007, Plaintiffs have marketed and sold the
Marc Jacobs Pretty Nylon tote bag.

17.    The design and ornamentation of the Marc Jacobs Pretty Nylon tote bag,
including without limitation the total image and overall appearance reflected in such
features as the size, shape, color or color combinations, product design, texture, and

selection and arrangement of materials and accessories, are distinctive and non-functional (hereinafter these features are collectively referred to as the "Marc Jacobs Pretty Nylon Tote Trade Dress"). True and correct copies of photographs of an authentic Marc Jacobs Pretty Nylon tote bag bearing the Marc Jacobs Pretty Nylon Tote Trade Dress are attached hereto as **Exhibit 2**.

18. Plaintiffs have sold in excess of ten million dollars worth of products bearing the Marc Jacobs Scrambled Trademark, including the Marc Jacobs Pretty Nylon Tote Bags. These products have been extensively advertised and marketed in the United States and worldwide.

19. The Marc Jacobs Scrambled Trademark and the Marc Jacobs Pretty Nylon Tote Trade Dress, and the goodwill of Plaintiffs' businesses in connection thereto, are in full force and effect and have never been abandoned.

20. Marc Jacobs' Marc Jacobs Pretty Nylon tote bags bearing the Marc Jacobs Pretty Nylon Tote Trade Dress, by reason of their style, distinctive designs and craftsmanship have come to be known by the purchasing public throughout the United States as being of the highest quality. As a result thereof, the Marc Jacobs Pretty Nylon Tote Trade Dress, and the goodwill associated therewith, are of inestimable value to Plaintiffs.

21. The Marc Jacobs Scrambled Trademark has come to be known by the purchasing public throughout the United States as representing products of the highest quality. As a result thereof, the Marc Jacobs Scrambled Trademark, the goodwill associated therewith, are of inestimable value to Plaintiffs.

22. Through Plaintiffs' efforts, Plaintiffs succeeded in producing a product that placed Plaintiffs' bags among the trendiest and most sought-after bags in the United States market.

23. The major media coverage that the Marc Jacobs Pretty Nylon tote bags have received and continue to receive has firmly established the Marc Jacobs Pretty

-4-

COMPLAINT

Nylon Tote Trade Dress as a unique indicator of Plaintiffs as the source of origin of its distinctive Marc Jacobs Pretty Nylon tote bags.

24.    The Marc Jacobs Pretty Nylon tote bags have been reviewed in high-profile fashion and consumer magazines, as well as featured in articles.

25.    Based on the extensive sales of Plaintiffs' bags and their wide popularity, the Marc Jacobs Pretty Nylon Tote Trade Dress has developed a secondary meaning and significance in the minds of the purchasing public, and the Marc Jacobs Pretty Nylon tote bags bearing such trade dress are immediately identified by the public with Plaintiffs.

26.    Based on the extensive sales of Plaintiffs' products bearing the Marc Jacobs Scrambled Trademark and their wide popularity, the Marc Jacobs Scrambled Trademark has developed a secondary meaning and significance in the minds of the purchasing public, and the Marc Jacobs Scrambled Trademark is immediately identified by the public with Plaintiffs.

27.    Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress and Marc Jacobs Scrambled Trademark are vital to Plaintiffs and Plaintiffs will suffer irreparable harm if any third parties, including Defendants herein, are allowed to continue manufacturing and selling infringing goods bearing trade dress that unlawfully copies and imitates Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress and unlawfully bear marks that are confusingly similar to the Marc Jacobs Scrambled Trademark.

## DEFENDANTS' INFRINGING ACTIVITIES

28.    Upon information and belief, Defendants have infringed, are infringing, and will continue to infringe Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress and Marc Jacobs Scrambled Trademark by advertising, distributing, selling and/or offering for sale unauthorized products that bear trade dress that unlawfully copies or imitates Plaintiffs' unique, distinctive, and non-functional Marc Jacobs Pretty Nylon Tote Trade Dress and/or that unlawfully bear marks confusingly similar to the Marc Jacobs Scrambled Trademark (hereinafter Defendants' "Infringing Products").

29.    Plaintiffs state upon information and belief and thereupon allege that Defendants have, are, and will continue to advertise, distribute, sell and/or offer for sale Defendants' Infringing Products.  True and correct copies of photographs of representative samples of Defendants' Infringing Products are attached hereto as **Exhibit 3**.

30.    Long after Plaintiffs' adoption and use of their Marc Jacobs Pretty Nylon Tote Trade Dress on their Marc Jacobs Pretty Nylon tote bags, and long after Plaintiffs' adoption and use of their Marc Jacobs Scrambled Trademark, Defendants, on information and belief, commenced the distribution, advertisement, offer for sale, and/or sale of handbags bearing infringements of Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress and Marc Jacobs Scrambled Trademark.  True and correct copies of photographs comparing Marc Jacobs Pretty Nylon tote bags bearing Plaintiffs' authentic Marc by Marc Jacobs Trade Dress and the Marc Jacobs Scrambled Trademark with Defendants' Infringing Products, are attached hereto as **Exhibit 4**.

31.    Defendants have, are, and will continue to distribute, advertise, offer for sale, and sell their unauthorized products in this judicial district and throughout the United States.

32.    The manufacture, distribution, advertisement, offer for sale, and sale of Defendants' Infringing Products was not authorized or approved by Plaintiffs.

33.    Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of the Marc Jacobs Pretty Nylon Tote Trade Dress and Marc Jacobs Scrambled Trademark; are in total disregard of the Plaintiffs' rights; and were commenced and have continued despite Plaintiffs specifically having notified Defendants of Plaintiffs' rights and Defendants' alleged infringement, and despite Defendants' knowledge that the use of the Marc Jacobs Scrambled Trademark and/or Marc Jacobs Pretty Nylon Tote Trade Dress, or copies or colorable imitations thereof, was and is in direct contravention of Plaintiffs' rights.

COMPLAINT

34.    Defendants' use of a copy or colorable imitation of the Marc Jacobs Pretty Nylon Tote Trade Dress and the Marc Jacobs Scrambled Trademark has been without Plaintiffs' consent, is likely to cause confusion and mistake in the minds of the purchasing public, and has damaged and is damaging Plaintiffs' valuable intellectual property rights by creating the false impression that Defendants and/or Defendants' Infringing Products are authorized, sponsored, or approved by Plaintiffs when, in fact, they are not.

## FIRST CLAIM FOR RELIEF

**(Trade Dress Infringement, Federal Unfair Competition and False Designation of Origin)**

**[15 U.S.C. § 1125(a)]**

**[With Respect to Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress]**

35.    Plaintiffs incorporate all prior allegations as if set forth fully herein.

36.    Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress has a unique, distinctive, non-functional style and unique, distinctive, non-functional characteristics. The Marc Jacobs Pretty Nylon Tote Trade Dress (see Exhibit 2) includes without limitation:

    a.    stylized quilted-tote fabric exterior, height 31 cm, width 33 cm, and depth 11 cm;

    b.    detailed stitching on the quilt panels with Plaintiffs' name and mark;

    c.    Two knotted fabric handles;

    d.    Vertical exterior quilted pocket;

    e.    Distinctive metal plaque on the front exterior of the bag placed on a fabric rectangle which is stitched in the same thread color as the bag color;

    f.    No closure mechanism;

    g.    Inside zip pocket;

COMPLAINT

       h.     Black and white logo fabric lining, bearing Plaintiffs' Marc Jacobs Scrambled Trademark;

       i.     Tone on tone stitching; and

       j.     The unique, distinctive overall look and feel achieved by the style and arrangement of the individual components identified in a-i, above.

37.    Comparisons of Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress with the trade dress of Defendant' Infringing Products are attached hereto as Exhibit 4.

38.    Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress is known for, and recognized by, relevant consumers and the trade for the specific details identified hereinabove, as well as the overall look and feel contributing to the total image of Plaintiffs' Marc Jacobs Pretty Nylon tote bags that use and incorporate the Marc Jacobs Pretty Nylon Tote Trade Dress.

39.    The characteristics, alone or in combination, of Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress have come to identify Plaintiffs as their source of origin, thus serving as protectable trade dress.

40.    The Marc Jacobs Pretty Nylon Tote Trade Dress is unique, distinctive and non-functional. If any utility exists, it is not essential to the purpose, quality or source identifying attributes of Plaintiffs' Marc Jacobs Pretty Nylon tote bags.

41.    The Marc Jacobs Pretty Nylon Tote Trade Dress used in connection with Plaintiffs' Marc Jacobs Pretty Nylon tote bags is inherently distinctive and has acquired distinction within the meaning of the Lanham Act.

42.    Defendants' creation, production, offering for sale, sale, advertisement and distribution of Defendants' Infringing Products, which use trade dress that is confusingly similar to the Marc Jacobs Pretty Nylon Tote Trade Dress, has been and is without Plaintiffs' permission or consent, and constitutes designation of a term, symbol, device, or combination thereof, that is false or misleading within the meaning of 15 U.S.C. § 1125.

43.    Plaintiffs have suffered harm as a result of Defendants' acts.

44.    Defendants' conduct has been intentional and willful, calculated specifically to trade off of the goodwill that Plaintiffs have developed in their successful Marc Jacobs Pretty Nylon tote bags.  By their aforesaid acts, particularly Defendants' imitation of the unique, distinctive and non-functional features of the Marc Jacobs Pretty Nylon Tote Trade Dress that Plaintiffs use in connection with its Marc Jacobs Pretty Nylon tote bags, which are sold and distributed in interstate commerce and in this judicial district, Defendants have infringed and are likely to continue to infringe on Plaintiffs' substantial rights in and to the Marc Jacobs Pretty Nylon Tote Trade Dress.  In so doing, Defendants have represented and designated falsely to the public generally, and to relevant consumers specifically, the source of origin of Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.    Defendants' Infringing Products constitute false descriptions and representations tending to falsely describe or represent Defendants and Defendants' Infringing Products as being authorized, sponsored, affiliated or associated with Plaintiffs, when in fact they are not.

46.    Defendants use copies and colorable imitations of the Marc Jacobs Pretty Nylon Tote Trade Dress on Defendants' Infringing Products with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon Plaintiffs' reputation for producing goods of the highest quality, and to improperly appropriate to themselves Plaintiffs' valuable intellectual property rights.

47.    Plaintiffs have been damaged by, and Defendants have profited from, Defendants' wrongful conduct in an amount to be proven at trial.

48.    For each act of infringement, Plaintiffs are entitled to recover their actual damages, as well as Defendants' profits from such infringement.

49.    Plaintiffs are entitled to recover their reasonable attorneys' fees and costs incurred in this action.

50.    Monetary relief alone, however, is not adequate to address fully the irreparable injury that Defendants' wrongful acts have caused and will continue to cause to Plaintiffs if such acts are not enjoined by this Court.  Plaintiffs are therefore entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing infringement of Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition and False Designation of Origin)

### [15 U.S.C. § 1125(a)]

### [With Respect to Plaintiffs' Marc Jacobs Scrambled Trademark]

51.    Plaintiffs incorporate all prior allegations as if set forth fully herein.

52.    The Marc Jacobs Scrambled Trademark has come to identify Plaintiffs as the source of origin of products bearing the mark.

53.    The Marc Jacobs Scrambled Trademark is unique, inherently distinctive, and non-functional, and has acquired distinction within the meaning of the Lanham Act.

54.    Defendants' creation, production, offering for sale, sale, advertisement and distribution of Defendants' Infringing Products, which use trademarks that are confusingly similar to the Marc Jacobs Scrambled Trademark, has been and is without Plaintiffs' permission or consent, and constitutes designation of a term, symbol, device, or combination thereof, that is false or misleading within the meaning of 15 U.S.C. § 1125.

55.    Plaintiffs have suffered harm as a result of Defendants' acts.

56.    Defendants' conduct has been intentional and willful, calculated specifically to trade off of the goodwill that Plaintiffs have developed in their successful Marc Jacobs Scrambled Trademark.  By Defendants' sale of products bearing marks confusingly similar to the unique, distinctive, and non-functional Marc Jacobs Scrambled Trademark, Defendants have infringed and are continuing to infringe on Plaintiffs' substantial rights in and to the Marc Jacobs Scrambled

Trademark.   In so doing, Defendants have represented and designated falsely to the public generally, and to relevant consumers specifically, the source of origin of Plaintiffs' Marc Jacobs Scrambled Trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.   Defendants' Infringing Products constitute false descriptions and representations tending to falsely describe or represent Defendants and Defendants' Infringing Products as being authorized, sponsored, affiliated or associated with Plaintiffs, when in fact they are not.

58.   Defendants use copies and colorable imitations of the Marc Jacobs Scrambled Trademark on Defendants' Infringing Products with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon Plaintiffs' reputation for producing goods of the highest quality, and to improperly appropriate to themselves Plaintiffs' valuable intellectual property rights.

59.   Plaintiffs have been damaged by, and Defendants have profited from, Defendants' wrongful conduct in an amount to be proven at trial.

60.   For each act of infringement, Plaintiffs are entitled to recover their actual damages, as well as Defendants' profits from such infringement.

61.   Plaintiffs are entitled to recover their reasonable attorneys' fees and costs incurred in this action.

62.   Monetary relief alone, however, is not adequate to address fully the irreparable injury that Defendants' wrongful acts have caused and will continue to cause to Plaintiffs if such acts are not enjoined by this Court.  Plaintiffs are therefore entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing infringement of Plaintiffs' Marc Jacobs Scrambled Trademark.

## THIRD CLAIM FOR RELIEF

### (State Statutory and Common Law Unfair Competition)

### [Cal. Bus. & Prof. Code §§ 17200 et seq.]

63.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

64.     This claim arises under California Business and Professions Code sections 17200 *et seq.* and the common law of the State of California. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

65.     Plaintiffs are the owners of all rights, title, and interest in the Marc Jacobs Pretty Nylon Tote Trade Dress and Marc Jacobs Scrambled Trademark and the common law rights associated thereto.

66.     Plaintiffs state upon information and belief and thereupon allege that Defendants have intentionally appropriated the Marc Jacobs Pretty Nylon Tote Trade Dress, Marc Jacobs Scrambled Trademark, and/or Plaintiffs' common law rights associated therewith, with the intent of causing confusion, mistake, and deception as to the source of their goods with the intent to palm off their goods as those of Plaintiffs and to place others in the position to palm off their goods as those of Plaintiffs.

67.     Defendants have deliberately, with full knowledge of Plaintiffs' rights, imitated and mimicked the unique, distinctive and non-functional design, size, shape, color or color combinations, product design, texture, and selection and arrangement of Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress.

68.     Defendants have deliberately, with full knowledge of Plaintiffs' rights, imitated and mimicked the unique, distinctive and non-functional Marc Jacobs Scrambled Trademark.

-12-                                                           COMPLAINT

69.     Defendants have committed and continue to commit their wrongful acts with the willful and deliberate intent to deceive consumers, to cause confusion and mistake, and to interfere with consumers' ability to identify the source of Defendants' Infringing Products by the appearance of such products' trade dress, which imitate Plaintiffs' authentic Marc Jacobs Pretty Nylon Tote Trade Dress, and by the use of a mark confusingly similar to the Marc Jacobs Scrambled Trademark.

70.     Plaintiffs state upon information and belief and thereupon allege that Defendants have particularly and deliberately poached upon the magnetism and commercial success of the Marc Jacobs Pretty Nylon Tote Trade Dress and Marc Jacobs Scrambled Trademark by trading upon Plaintiffs' goodwill and reputation derived therefrom.

71.     Plaintiffs state upon information and belief and thereupon allege that Defendants' acts, alone, in combination, or in totality, constitute unfair competition in violation of the laws of the State of California and specifically California Business and Professions Code sections 17200 *et seq*.

72.     Defendants have derived substantial monetary and non-monetary benefit and business advantage as a direct result of their infringement of Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress and Marc Jacobs Scrambled Trademark.  In addition, Defendants have wrongfully diverted profits away from Plaintiffs and to Defendants, and, on information and belief, deprived Plaintiffs of the patronage of a large number of actual and potential customers.

73.     Plaintiffs have been damaged by, and Defendants have profited from, Defendants' wrongful conduct in an amount to be proven at trial.

74.     Monetary relief alone, however, is not adequate to address fully the irreparable injury that Defendants' wrongful acts have caused and will continue to cause to Plaintiffs if such acts are not enjoined by this Court.  Plaintiffs are therefore entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing

1    infringement of Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress and Marc

2    Jacobs Scrambled Trademark.

3                   **FOURTH CLAIM FOR RELIEF**

4                     **CONSTRUCTIVE TRUST**

5                    **[Cal. Civ. Code § 2224]**

6       75.    Plaintiffs incorporate all prior allegations as if set forth fully herein.

7       76.    This claim arises under California Civil Code § 2224 and the common

8    law of the State of California. This Court has jurisdiction over the subject matter of

9    this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of

10    constructive trust joined with a substantial and related claim under the Trademark

11    Laws of the United States, and under 28 U.S.C. § 1367.

12       77.    Plaintiffs state upon information and belief and thereupon allege that

13    Defendants own and/or possess tangible real and/or personal properties and assets

14    including, but not limited to, bank, savings, and/or other financial accounts, consisting

15    of and/or obtained by profit derived from Defendants' unauthorized manufacture,

16    distribution, and/or sale of Defendants' Infringing Products.

17       78.    Plaintiffs are entitled to the profits Defendants have derived from the

18    infringement of the Marc Jacobs Pretty Nylon Tote Trade Dress and Scrambled

19    Trademark under 15 U.S.C. §§ 1125 et seq.

20       79.    Plaintiffs have no adequate remedy at law and have suffered irreparable

21    harm and damage as a result of Defendants' acts as aforementioned. Defendants hold

22    those tangible real and/or personal properties and assets consisting of and/or obtained

23    by profit derived from Defendants' infringing activities as constructive trustee for the

24    benefit of Plaintiffs in an amount thus far not determined.

25                     **PRAYER FOR RELIEF**

26       WHEREFORE, Plaintiffs demand judgment against the Defendants as

27    follows:

28

                       COMPLAINT

1.    That a preliminary and permanent injunction be issued enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

    A.    Using any reproduction, copy or colorable imitation of the Marc Jacobs Pretty Nylon Tote Trade Dress or Marc Jacobs Scrambled Trademark to identify any goods or the rendering of any services not authorized by Plaintiffs;

    B.    Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputations or dilute the distinctive quality of Plaintiffs' names or Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress or Plaintiffs' Marc Jacobs Scrambled Trademark;

    C.    Using false descriptions or representations including product designs, shapes, colors or color combinations, materials, textures, and the selection and arrangement of same tending to falsely describe or represent Defendants' Infringing Products as being Plaintiffs' products, or as being sponsored by or associated with Plaintiffs, and from offering such goods into commerce;

    D.    Further infringing Plaintiffs' rights by manufacturing, producing, distributing, circulating, offering for sale, selling, marketing, advertising, promoting, displaying or otherwise disposing of any products not authorized by Plaintiffs bearing any simulation, reproduction, copy or colorable imitation of Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress or Marc Jacobs Scrambled Trademark;

    E.    Using any simulation, reproduction, copy or colorable imitation of Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress or Marc Jacobs Scrambled Trademark in connection with the promotion,

advertisement, display, sale, offering for sale, manufacture,
production, circulation or distribution of any unauthorized products
in such fashion as to relate or connect, or tend to relate or connect,
such products, or Defendants itself, in any way with or to
Plaintiffs, or to any goods sold, manufactured, sponsored or
approved by, or connected with, Plaintiffs;

F.  Making any statement or representation whatsoever, or using any
false designation of origin or false description, or performing any
act, which can or is likely to lead the trade or public; or individual
members thereof, to believe that any products manufactured,
distributed, offered for sale or sold by Defendants are in any
manner associated or connected with Plaintiffs, or are sold,
manufactured, licensed, sponsored, approved or authorized by
Plaintiffs;

G.  Manufacturing, distributing, offering for sale or selling products
that constitute an infringement of Plaintiffs' Marc Jacobs Pretty
Nylon tote bag, the Marc Jacobs Pretty Nylon Tote Trade Dress, or
the Marc Jacobs Scrambled Trademark, or unfairly competing with
Plaintiffs so as to damage Plaintiffs' reputations or goodwill
associated therewith;

H.  Secreting, destroying, altering, removing, or otherwise dealing
with Defendants' Infringing Products, or any books or records
which contain any information relating to the importing,
manufacturing, producing, distributing, circulating, selling,
marketing, offering for sale, advertising, promoting, or displaying
of Defendants' Infringing Products; and

I.  Effecting assignments or transfers, forming new entities or
associations or utilizing any other device for the purpose of

-16-                                          COMPLAINT

1                           circumventing or otherwise avoiding the prohibitions set forth in

2                           subparagraphs (A) through (H).

3        2.     Directing that Defendants deliver up for destruction to Plaintiffs all

4 unauthorized products and advertisements in their possession or under their control

5 bearing Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress or Marc Jacobs

6 Scrambled Trademark or any simulation, reproduction, copy or colorable imitation

7 thereof, and all plates, molds, matrices and other means of production of same

8 pursuant to 15 U.S.C. § 1118.

9        3.     Directing such other relief as the Court may deem appropriate to prevent

10 the trade and public from deriving the erroneous impression that Defendants, or any

11 products manufactured, sold or otherwise circulated or promoted by Defendants, are

12 authorized by Plaintiffs or are in any way related to Plaintiffs or Plaintiffs' products.

13        4.     Requiring Defendants to pay to Plaintiffs such damages as Plaintiffs have

14 sustained as a consequence of Defendants' infringement and unfair competition with

15 respect to Plaintiffs' Marc Jacobs Pretty Nylon Tote Trade Dress and Marc Jacobs

16 Scrambled Trademark and to account for all gains, profits and advantages derived by

17 Defendants from the sale of its infringing products bearing the Marc Jacobs Pretty

18 Nylon Tote Trade Dress or Marc Jacobs Scrambled Trademark and that the award to

19 Plaintiffs be trebled as provided for under 15 U.S.C. § 1117.

20        5.     Ordering that Plaintiffs recover the costs of this action together with

21 reasonable attorneys' and investigators' fees and prejudgment interest in accordance

22 with 15 U.S.C. § 1117.

23        6.     That Plaintiffs be awarded punitive damages for Defendants' willful and

24 malicious acts of common law unfair competition.

25        7.     Directing that this Court retain jurisdiction of this action for the purpose

26 of enabling Plaintiffs to apply to the Court at any time for such further orders and

27 interpretation or execution of any order entered in this action, for the modification of

28

1 | any such order, for the enforcement or compliance therewith and for the punishment
2 | of any violations thereof.

3 |    8.    Awarding to Plaintiffs such other and further relief as the Court may
4 | deem just and proper, together with the costs and disbursements which Plaintiffs has
5 | incurred in connection with this action.

Dated:  January 21, 2010

By: _____
Anthony Keats
Keats McFarland & Wilson LLP
Attorneys for
Plaintiffs MARC JACOBS
TRADEMARKS, LLC, and MARC
JACOBS INTERNATIONAL, LLC

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV10- 456 CBM (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Anthony M. Keats (SBN 123672) akeats@kmwlaw.com
David K. Caplan (SBN 181174) dcaplan@kmwlaw.com
Konrad K. Gatien (SBN 221770) kgatien@kmwlaw.com
KEATS, MCFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC JACOBS TRADEMARKS, LLC, a Delaware limited liability company, and MARC JACOBS INTERNATIONAL, LLC, a Delaware limited liability company,<br><br>PLAINTIFFS,<br><br>v.<br><br>NERVOUS TATTOO, INC., doing business as ED HARDY, a California corporation, HARDY WAY, LLC, a Delaware limited liability company, and THE CALIFORNIA BAG, LLC, a California limited liability company,<br><br>DEFENDANTS. | CASE NUMBER<br><br>CV-<br>CV10-00456-CBM(FMO)<br><br><br>**SUMMONS** |

**TO:**   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorneys Anthony M. Keats, David K. Caplan and Konrad K. Gatien, whose address is:

### KEATS MCFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

an answer to the ☒ **complaint** ☐ _____ **amended complaint** ☐ **counterclaim** ☐ **cross-claim** which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Clerk, U. S. District Court

DATE:   2 1 JAN 2010

By _____
MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Marc Jacobs Trademarks, LLC and Marc Jacobs International, LLC | Nervous Tattoo, Inc. d/b/a Ed Hardy; Hardy Way, LLC; and The California Bag, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Keats McFarland & Wilson LLP (SEE ATTACHMENT "A")<br>9720 Wilshire Boulevard, Penthouse Suite<br>Beverly Hills, California 90212; Tel.: (310) 248-3830 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC § 1125(a) Trade Dress Infringement, Federal Unfair Competition, False Designation of Origin

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 230 Rent Lease & Ejectment | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | | ☐ 245 Tort Product Liability | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| | | ☐ 290 All Other Real Property | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | | | ☐ 465 Other Immigration Actions | | |

CV10 - 00456

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                           ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                           ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                           ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | Marc Jacobs Trademarks, LLC, New York<br>Marc Jacobs International, LLC, New York |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Nervous Tatoo, Inc., Los Angeles County<br>Hardy Way, LLC, Los Angeles County<br>The California Bag, LLC, Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Quilty as Pautz_   Date January 21, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**Civil Cover Sheet**
**USDC, Central District of California**

<u>**Marc Jacobs Trademarks, LLC, et al. v. Nervous Tattoo, Inc., et al.**</u>
**Case No. 10-00456 CBM (FMOx)**


<u>**ATTACHMENT "A"**</u>

<u>**1(b) Attorneys:**</u>
Anthony M. Keats (State Bar No. 123672)
E-Mail:  akeats@kmwlaw.com
David K. Caplan (State Bar No. 181174)
E-Mail:  dcaplan@kmwlaw.com
Konrad K. Gatien (State Bar No. 221770)
E-Mail:  kgatien@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California  90212
Telephone:  (310) 248-3830
Facsimile:   (310) 860-0363

Attorneys for Plaintiffs
MARC JACOBS TRADEMARKS, LLC and MARC JACOBS
INTERNATIONAL, LLC